**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  03-cv-1536-ABJ-BNB

ARUN PRAHBA KHANNA,

      Plaintiff,

v.

SECRETARY OF STATE, DEPARTMENT OF STATE,

      Defendant.

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION**

The "Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)," the plaintiff's response in opposition to the motion and the defendant's further reply have come before this Court for consideration. The Court, having considered the parties' written submissions, the pleadings of record and the applicable law, FINDS that the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction should be GRANTED, for the reasons stated below.

**Background**

In 1975, the United States Embassy in New Delhi, India leased the residence at 3/23 Shanti Niketan from two sisters, Santi Devi and Bimla Devi. Shanti Devi passed away in 1982. Bimla Devi and her niece, plaintiff Arun Prabha Khanna, executed Lease S-401-FBO-808 with the United States. Bimla Devi

passed away in 1991. Thereafter, the siblings of Bimla Devi, Satyawati Bhalla and Somraj Sirpal, contested plaintiff Khanna's ownership of the property and the property became subject to at least two lawsuits, including Suit 2810-92 brought by Ms. Bhalla and Mr. Sirpal in the Delhi High Court against plaintiff Khanna.

In the complaint filed in the instant action, the plaintiff alleges that this action "arises from the deliberate and knowing violation of the contract and wrongful actions on the part of the employees of the United States Government working in the United States Embassy at New Delhi, India, from 1991 to 1999, in respect of lease by the United States Embassy General Services Officer of the property of the plaintiff situated at 3/23 Shanti Nilkatan, New Delhi, India." Complaint, ¶ 1. Plaintiff further asserts that "jurisdiction of this court arises from Section 1346(b) of Title 28 of the US Code and venue is proper under Section 1402(b) of Title 28 of the US Code." Complaint, ¶ 2.

Plaintiff's complaint seeks to recover outstanding unpaid rent and other charges and compensation for the continued illegal occupation of the plaintiff's property without payment of any rent for over eight years by the United States Embassy officials despite repeated requests and protests by plaintiff. Complaint ¶ 6. Plaintiff seeks judgment in her favor in the amount of $1,782,588.00 plus interest from December 1999 to date of judgment, a reasonable sum for compensation for her pain and suffering, as well as attorney's fees and costs. Complaint at p. 9.

The defendant has argued that during the pendency of the two lawsuits, the

Embassy had determined the appropriate course of action was to hold the property and rent because the rightful ownership of the property was in dispute. The United States cites and relies on Section 52 of the Indian Transfer of Property Act providing in part, "During the pendency in any court . . . of any suit or proceeding . . . in which any right to immoveable property is directly and specifically in question, the property cannot be transferred or otherwise dealt with by any party to the suit or proceeding so as to affect the right of any other party thereto under any decree or order which may be made therein except under the authority of the court and on such terms as it may impose." The Embassy vacated the property on August 1, 1996, and maintained security for the property for some time thereafter by Embassy security guards.

By letter of December 22, 1998, the Indian Ministry of External Affairs requested the Embassy to pay up-to-the-date rent for the property by a demand draft in favor of the Registrar, Delhi High Court. Defendant's Exhibit A-3. The United States complied and forwarded 1,123,288 rupees as rent for the period from November 28, 1991 to August 1, 1996. Defendant's Exhibit A-4. January 19, 1996, plaintiff Bhalla withdrew her suit and claim to the property. Defendant's Exhibit A-5.

By letter of December 6, 1999, signed by an Embassy representative and plaintiff Khanna, the Embassy relinquished physical control of the property. Defendant's Exhibit A-6. In the letter, the Embassy repudiated any liability or responsibility toward the property or its condition other than a commitment to

3

clean and repaint interiors and exteriors. The next day, after a conversation between plaintiff Khanna and First Secretary James L. Williams, the security for the premises was withdrawn a day early. Defendant's Exhibit A-7.

August 11, 2003, Plaintiff Khanna filed this suit, invoking jurisdiction under 28 U.S.C. § 1346(b). She has asserted she was required to bribe Ronald J. Peters, the General Services Officer, one million rupees to vacate the property, Complaint § 11, and after the bribe, that the Embassy did not vacate in a timely fashion and refused to pay rent while a hold-over tenant. Complaint ¶ 26-27.

In the instant motion, the defendant argues that this Court lacks subject matter jurisdiction over the plaintiff's claims against the United States and that dismissal is therefore proper. The United States urges that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), does not provide for subject matter jurisdiction in this case. The FTCA is a limited waiver of sovereign immunity, but the limitations and conditions of the act must be strictly observed. In this case, the defendant contends that the FTCA does not waive the sovereign immunity of the United States as to plaintiff Khanna's claims.

Defendant notes that all of plaintiff Khanna's claims accrued in India and that the circumstances giving rise to this action all occurred in India. The FTCA does not apply to any claim arising in a foreign country. Defendant also argues in its motion that to the extent plaintiff's claims are interpreted as breach of contract claims, the FTCA does not waive sovereign immunity as to contract claims, citing Haney v. Castle Meadows, 868 F. Supp. 1233, 1237 (D. Colo. 1994),

4

in turn citing Davis v. United States, 313 F.2d 291 (5th Cir. 1991). Defendant further contends that plaintiff's claim that Mr. Peters defrauded is also precluded by the FTCA, citing 28 U.S.C. § 2680(h) as an express exclusion from the FTCA waiver of the government's sovereign immunity. Defendant asserts that the statute of limitations has also run on plaintiff's case.

In response, the plaintiff asserts that the complaint is one for recovery under a written lease contract, and for loss and damages for breaches. She asserts it has not been filed under the FTCA as a tort claim, although fails to note any other appropriate jurisdictional basis for her claims against the defendant and is unable to provide this Court with any persuasive basis to find that sovereign immunity has been waived by defendant in this case, whether her claims are characterized as being in tort or in contract.

**Discussion**

The relevant statutory provisions are set forth below:

28 U.S.C. § 1346, entitled "United States as defendant" provides:

a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;
(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for

5

liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

(b)(1) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

(2) No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

(c) The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section.

(d) The district courts shall not have jurisdiction under this section of any civil action or claim for a pension.

(e) The district courts shall have original jurisdiction of any civil action against the United States provided in section 6226, 6228(a), 7426, or 7428 (in the case of the United States district court for the District of Columbia) or section 7429 of the Internal Revenue Code

> of 1986.
>
> (f) The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States.
>
> (g) Subject to the provisions of chapter 179, the district courts of the United States shall have exclusive jurisdiction over any civil action commenced under section 453(2) of title 3, by a covered employee under chapter 5 of such title.

28 U.S.C.A. § 1346.

> Title 28, United States Code, § 2680(k) provides:
>
> The provisions of this chapter and section 1346(b) of this title shall not apply to--
>
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
>
> (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.
>
> (c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if--
>
> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;

(3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and

(4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

(d) Any claim for which a remedy is provided by sections 741-752, 781-790 of Title 46, relating to claims or suits in admiralty against the United States.

(e) Any claim arising out of an act or omission of any employee of the Government in administering the provisions of sections 1-31 of Title 50, Appendix.

(f) Any claim for damages caused by the imposition or establishment of a quarantine by the United States.

[(g) Repealed. Sept. 26, 1950, c. 1049, § 13(5), 64 Stat. 1043.]

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

(i) Any claim for damages caused by the fiscal operations of the Treasury or by the regulation of the monetary system.

(j) Any claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war.

**(k) Any claim arising in a foreign country.**

(l) Any claim arising from the activities of the Tennessee Valley

>Authority.
>
>(m) Any claim arising from the activities of the Panama Canal Company.
>
>(n) Any claim arising from the activities of a Federal land bank, a Federal intermediate credit bank, or a bank for cooperatives.

28 U.S.C.A. § 2680 (emphasis supplied).

The Court has reviewed plaintiff's complaint carefully, as well as all of the supporting materials that have been offered by the parties. Notwithstanding her assertions to the contrary, it is apparent that the sole basis for jurisdiction identified in plaintiff Khanna's complaint is the FTCA, 28 U.S.C. § 1346(b). Further, Congress has not determined that sovereign immunity should be waived for any claim arising in a foreign country, 28 U.S.C. § 2680. There is no express waiver of sovereign immunity in this case that would permit the claims asserted by plaintiff against the United States to proceed in this court of limited jurisdiction. The cases cited by plaintiff do not support a finding that the government has waived sovereign immunity and that subject matter jurisdiction exists in this case. The plaintiff's claims are barred by the foreign country exception of 28 U.S.C. 2680(k), which precludes the exercise of jurisdiction over any claim arising in a foreign country. See Smith v. United States, 507 U.S. 197, 113 S.Ct. 1178, 122 L.Ed.2d 548 (1993) (discussing the foreign country exception in depth, finding it applies to Antarctica, a sovereignless region without civil tort law of its own, and thus barring plaintiff's claims in that case). The defendant's motion to dismiss shall be granted on that basis.

Because the foregoing is dispositive, the Court declines the parties' invitation to consider the remaining arguments that have been raised by the parties in their briefs. This Court does not have subject matter jurisdiction to hear the claims that have been raised by plaintiff Khanna in this case. Accordingly, it is therefore

**ORDERED** that "Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)" shall be, and is, **GRANTED. It is further**

**ORDERED** that the above captioned matter shall be, and is, **DISMISSED WITHOUT PREJUDICE.**

Dated this 18th day of April, 2006.

_____s/Alan B. Johnson_____
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION